**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

| | |
|---|---|
| **CHARLIE NORMAN** | **PLAINTIFF** |
| **V.** | **CASE NO. 1:07CV150** |
| **TEXIMARA CORPORATION** | **DEFENDANT** |

### ORDER

This cause comes before the court on the defendant's motion to dismiss, or in the alternative, the defendant's motion for summary judgment. The plaintiff has responded in opposition and this court is prepared to rule.

Charlie Norman instituted this action on June 26, 2007, alleging an unlawful termination on the basis of race in violation of 42 U.S.C. §§ 1981 and 1983, the Fourteenth Amendment Equal Protection Clause, and Title VII of the Civil Rights Act of 1964. Teximara Corporation has moved to dismiss Norman's § 1983 and Equal Protection claims on the grounds that they fail to state claims upon which relief can be granted.

Norman, an African American male, was employed by Teximara as a driver from December 1, 1998 until September 15, 2004. Teximara is a government contractor that provides services to the Columbus Air Force Base. On September 13, 2004, a United States Air Force Lieutenant Colonel was a passenger on the T-37 aircrew shuttle that Norman was driving. The lieutenant colonel asked Mr. Norman to turn up the air conditioning in the vehicle, but Mr. Norman did not initially comply with the request. After some discussion, Mr. Norman turned up the air conditioning.

1

The lieutenant colonel lodged a complaint about Mr. Norman's attitude and quality of service. The quality assurance evaluator at Columbus Air Force Base, Danny Davis, received the complaint and forwarded it to a Teximara project manager, F. E. Smith, requesting that action be taken to prevent such complaints in the future. Smith, a Caucasian male, fired Mr. Norman on September 15, 2004. In his termination letter, Mr. Smith noted that Mr. Norman's professionalism and reluctance to follow procedures had been the topic of numerous conversations. Mr. Norman contends that the United States Air Force played such a significant role in causing his termination that the acts of Teximara were in concert with the acts of the United States Air Force.

## ANALYSIS

When evaluating a motion to dismiss, courts are limited to that which is included in the pleadings, and consideration of additional information will cause the motion to be treated as one for summary judgment. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Norman has presented documentation outside of the pleadings, which the Court has considered in making its decision; therefore, Teximara's motion to dismiss will be evaluated as a motion for summary judgment.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d

202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151, 120 S.Ct. at 2110.

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55, 101 L. Ed.2d 40 (1988). In cases under § 1983, "under color" of law has consistently been treated as the same thing as the "state action" required under the Fourteenth Amendment. " *Rendell-Baker v. Kohn*, 457 U.S. 830, 838, 102 S. Ct. 2764, 2769-70, 73 L.Ed.2d 418 (1982). Ultimately, the issue is whether the alleged infringement of federal rights is 'fairly attributable to the State.' *Id*. (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 2754 (1982)).

The plaintiff has alleged that there is a sufficient nexus between the state and Teximara to invoke § 1983 and the Equal Protection Clause. In particular, Mr. Norman contends that the complaints of a United States Air Force lieutenant colonel and a government quality assurance evaluator influenced his termination. The plaintiff further notes that Teximara is a government contractor which has received several contracts worth millions of dollars and derives substantially all of its business and income from the U.S. government. The plaintiff has not alleged that Teximara is or has been the recipient of state contracts, or that the United States Air Force acts jointly in a state and federal capacity on the Columbus Air Force Base. This court will

proceed under its common understanding that the United States Air Force is solely a federal entity.

The basis of Norman's allegation that Teximara is subject to a § 1983 action is what he contends is the almost symbiotic relationship of Teximara and the Air Force. Norman cites the complaints of a U.S. Air Force lieutenant colonel and a government quality evaluator as being the influencing factors in Norman's termination. However, both the plaintiff and defendant have failed to recognize that § 1983 actions apply to state actors, not federal actors. Even if the plaintiff's allegations were true and Teximara was so intertwined with the Air Force to be deemed as acting on its behalf, the allegations would not sustain a §1983 action.

14th Amendment Equal Protection Claims

The Fourteenth Amendment, which prohibits states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities. 457 U.S. 830, 837, 102 S.Ct. 2764, 2769, 73 L.Ed.2d 418 (1982). Just as in § 1983 actions, the ultimate issue . . . in cases arising under the Fourteenth Amendment is whether the alleged infringement of federal rights is fairly attributable to the state. *Id*. at 838. As there are only federal actors in this case, the plaintiff's Fourteenth Amendment claim mut fail.

Accordingly, Teximara Corporation's motion [20] to dismiss, or in the alternative, for summary judgment on Norman's § 1983 and Fourteenth Amendment claim is GRANTED.

This the 28th day of May, 2008.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**